IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO.: CR206-04 |
| : | |
| JAMES L. LYONS : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant James Lamar Lyons ("Lyons") is charged with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Lyons filed a Motion to Suppress all evidence obtained as a result of the searches of his vehicle and home, as well as a Motion to Exclude self-incriminating statements. The Government responded to these Motions. The undersigned conducted an evidentiary hearing on May 4, 2006, at which Officers Josh Williams and Michael Lawson of the Glynn County Police Department and Lyons testified.

### FINDINGS OF FACT

The credible testimony at the evidentiary hearing established the following:

During the afternoon hours of June 15, 2005, Officers Josh Williams ("Williams") and Michael Lawson ("Lawson") received a dispatch concerning a convicted felon living at 110 Southern Pines Way in Brunswick, Georgia, having firearms in his truck and residence. When the officers arrived at this residence, they knocked on the door; Lyons answered the door. Lawson asked Lyons his name, which Lyons provided, and Lyons produced

AO 72A
(Rev. 8/82)

identification to verify this information. According to both officers, Lyons appeared nervous due to their presence. The officers informed Lyons of the information they received and asked Lyons if he had any guns. Lyons replied that he did not but confirmed that he is a convicted felon. Lawson asked Lyons if the officers could search his home. Lyons told the officers that they could search his home and that he did not "have anything to hide." Williams stood with Lyons by the open front door of Lyons' home while Lawson searched the house. Lawson noticed a green gun safe during the search; he tried to open the safe, but it was locked. Lyons told Lawson that the safe contained some documents and coins. Lawson asked Lyons for the key to the safe, but the keys Lyons had with him did not fit the safe's lock. Because Lawson and Williams had received information that Lyons had a firearm in his truck, Lawson asked Lyons for his consent to search his truck. Lyons said the officers could search his truck. Lawson searched the truck while Williams stood with Lyons outside. Lawson noticed a briefcase under a child safety seat, and, upon opening the briefcase, Lawson saw a box of ammunition and the butt of a .357 Magnum handgun. Lyons was handcuffed and placed in the back of a patrol car. Lyons told Lawson that the key to the gun safe was in the truck. Lawson went back into Lyons' home and unlocked the gun safe. Lawson found a Marlin 30-30 firearm in the safe.

The officers then took Lyons to the Glynn County Police Department. Lawson advised Lyons of his Miranda[1] rights, and Lyons signed a waiver of rights form; Lyons agreed to speak with the officers. Lyons told Lawson that he is a convicted felon and that he was convicted in 1986 for burglary. Lyons also told Lawson that he received the 30-30

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966).

2

firearm as a result of a trade of another firearm. Lyons further told Lawson that he bought the .357 handgun through an acquaintance. Williams and Lawson testified that Lyons appeared to be free from the influence of any intoxicants, understood their questions, and did not have difficulty communicating with them at any time.

## ISSUES PRESENTED

Lyons alleges that the searches of his truck and home violated the Fourth Amendment because the searches were conducted without a warrant, and his consent to these searches was coerced. Lyons also alleges any incriminating statements he may have made to officers were not voluntarily given. Lyons seeks the suppression of the firearms and any self-incriminating statements he may have made.

The Government contends that Lyons' consent to the searches was voluntarily given. The Government also contends that Lyons waived his Miranda rights and made incriminating statements.

## DISCUSSION AND CITATION TO AUTHORITY

I.   **Lyons' Consent to Search his Residence and his Truck was not Coerced.**

"The right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause. . ." U.S. CONST. amend. IV. However, an exception to the general rule against a warrantless search is a search made pursuant to consent. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44, 36 L. Ed.2d 854 (1973). "A consensual search is constitutional if it is voluntary; if it is the product of an 'essentially free and unconstrained choice.'" United States v. Acosta, 363 F.3d 1141, 1151

AO 72A
(Rev. 8/82)

(11th Cir. 2004) (quoting United States v. Purcell, 236 F.3d 1274, 1281 (11th Cir.2001)). "The government bears the burden of proving both the existence of consent and that the consent was not a function of acquiescence to a claim of lawful authority but rather was given freely and voluntarily." Id. The totality of the circumstances determines whether the consent was knowingly and voluntarily given. United States v. Ramirez-Chilel, 289 F.3d 744, 752-53 (11th Cir. 2002).

Williams and Lawson informed Lyons that the police department had received information that he is a convicted felon and was in possession of firearms. After telling Lyons this information, the officers asked if they could search his home. Lyons told the officers that they could search his home because he had nothing to hide. Lyons also told officers that they could search his vehicle, and he even provided the officers with the keys to his truck. Lyons volunteered the information that the key to the gun safe Lawson tried to open was in his truck. There is no credible evidence before this Court that Williams or Lawson coerced or otherwise pressured Lyons to give consent to these searches. Lyons' consent to these searches was not the product "of acquiescence to a claim of lawful authority." See Acosta, 363 F.3d at 1151. Lyons' consent to the searches of his residence and truck was freely and voluntarily given. The ammunition and firearms seized as a result of these searches should be admissible against him at trial.

II.     **Lyons' Post-Arrest Statements Were Voluntarily Made.**

"No person . . . shall be compelled in any criminal case to be a witness against himself[.]" U.S. CONST. amend. V. "[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless

4

it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Miranda v. Arizona, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612, 16 L. Ed.2d 694 (1966). "Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." Id. An accused may waive the right against self-incrimination, so long as the waiver is voluntary, knowing, and intelligent. A waiver is effective where the "totality of the circumstances surrounding the interrogation reveals both an uncoerced choice and the requisite level of comprehension." See Hart v. Attorney Gen. of State of Fla., 323 F.3d 884, 892 (11th Cir. 2003) (quoting Moran v. Burbine, 475 U.S. 412, 421, 106 S. Ct. 1135, 1141, 89 L. Ed.2d 410 (1986)). "[T]he burden of showing admissibility rests . . . on the prosecution. The prosecution bears the burden of proving, at least by a preponderance of the evidence, the Miranda waiver and the voluntariness of the confession." Missouri v. Seibert, 542 U.S. 600, 609, 124 S. Ct. 2601, 2608 n.1, 159 L. Ed.2d 643 (2004) (internal citations and punctuation omitted).

The uncontroverted evidence before this Court reveals that Lyons was advised of his Miranda rights, signed a waiver form, and agreed to speak with the officer. During this time, Lyons confirmed that he is a convicted felon and that he owned the firearms which Lawson found during the searches of Lyons' home and truck. There is no indication that Lyons' waiver of his Miranda rights was not voluntary, knowing, and intelligent. In addition, the evidence before this Court reveals that Lyons possessed the requisite level of comprehension to appreciate his rights under Miranda and to waive those rights. Therefore, Lyons' statements should not be suppressed.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Lyons' Motion to Suppress (Doc. No. 11) be **DENIED**. It is also my **RECOMMENDATION** that Lyons' Motion to Exclude Statements of a Self-Incriminating Nature (Doc. No. 14) be **DENIED**.

So **REPORTED** and **RECOMMENDED**, this 8th of May, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)