IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA            :
                                    :
                                    :
v.                                  :     CASE NO.: CR206-04
                                    :
                                    :
JAMES L. LYONS                      :

## ORDER

Defendant James Lamar Lyons ("Lyons") filed a Motion to Suppress all evidence obtained as a result of the searches of his vehicle and his home and a Motion to Exclude self-incriminating statements. After conducting an evidentiary hearing on the Motions, Magistrate Judge James E. Graham issued a Report wherein he recommended that Lyons' Motions be denied. Lyons filed Objections to the Magistrate Judge's Report and Recommendation.

In his Objections, Lyons contends that the Magistrate Judge erred in finding that the searches of his vehicle and home were consensual and not obtained by coercive means. Specifically, Lyons asserts that the transcript from the evidentiary hearing reveals that he did not voluntarily consent to the searches. Lyons points to instances where the officers who provided testimony at the hearing could not remember every detail of the incident. Because of this, Lyons avers, he provided the credible evidence at the evidentiary hearing, not the officers.

AO 72A
(Rev. 8/82)

Because the fact of whether Lyons consented to a search is contested, an evidentiary hearing was conducted on his Motions so that credibility determinations could be made. Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1211 (11th Cir. 2003). "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002). The Magistrate Judge was the fact finder at the evidentiary hearing, and he had the opportunity to observe the witnesses and their demeanor and to hear their testimony. There is no evidence before the undersigned that the Magistrate Judge's determination in this regard has an unreasonable basis in law or fact. Accordingly, the Magistrate Judge's determination that the officers' testimony is more credible than that proffered by Lyons is adopted as the undersigned's determination.

Lyons alleges that neither officer told him that he had the right to refuse to consent to the search of his home and his truck. Lyons asserts that, although the Government is not required to prove that he knew he had the right to refuse to give consent, his knowledge (or lack thereof) is a factor to consider in making a determination of the voluntariness of his consent. In support of this assertion, Lyons cites United States v. Chemaly, 741 F.2d 1346 (11th Cir. 1984).

In Chemaly, the Eleventh Circuit found that the warrantless search at the border of a person departing the United States was illegal. In so doing, the Eleventh Circuit noted that certain factors are to be used in determining whether a defendant's consent to search was voluntarily given. These factors, "none of which is dispositive, include voluntariness of the defendant's custodial status, the presence of coercive police procedure, the extent and level of the defendant's cooperation with police, the defendant's awareness of his right

2

to refuse to consent to search, the defendant's education and intelligence, and . . . the defendant's belief that no incriminating evidence will be found." Chemaly, 741 F.2d at 1352. The Eleventh Circuit found that Chemaly's consent to the search was not voluntarily given because his ticket and passport were retained, he was removed from the other passengers for questioning, and he was not informed of his right to refuse to consent to the search. Id. at 1353.

Chemaly is distinguishable from the case *sub judice* because more than one factor led to the Eleventh Circuit's determination that the consent to search was coerced. Lyons alleges that he did not know he had the right to refuse to consent to the searches. While this may be true, this one factor alone does not lead to the conclusion that Lyons' consents to the searches of his home and vehicle were coerced. Significantly, Lyons does not assert that any of these other factors are relevant to this discussion.

Lyons also alleges that the second search of his home was conducted in the absence of any consent whatsoever, coerced or voluntarily given. Lyons cites United States v. Satterfield, 743 F.2d 827 (11th Cir. 1984), as support for this assertion. Lyons contends that the Eleventh Circuit held that reentry into a house was not justified in Satterfield and that the police could have obtained a search warrant while the home was secured. Lyons' contention overlooks the uncontroverted testimony that Officer Lawson did not have the correct keys to the gun safe until after the consent search of Lyons' vehicle was conducted. In addition, in Satterfield, the police were looking for a shotgun used in a murder. Police were unable to locate the shotgun after conducting a brief search of the suspect's house and arresting Satterfield. Police discovered the shotgun beneath couch cushions after Satterfield was arrested and the police searched the house for

3

approximately ten (10) minutes. Satterfield, 743 F.2d at 843. In contrast, Lyons gave Officer Lawson the keys he had on his person when Officer Lawson asked about the gun safe in Lyons' home; these keys did not open the gun safe. It was only after Officer Lawson searched Lyons' vehicle that he was able to obtain the correct key to open the gun safe. The "second" search of Lyons' home was a continuation of the consent search, and evidence found in the gun safe is admissible.

Lyons' Objections are without merit. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. The ammunition and firearms seized as a result of the searches of Lyons' vehicle and home are admissible during the trial of this case. Likewise, any statements Lyons provided to officers are admissible during the trial of this case.

**SO ORDERED**, this 13 day of June, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA