IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: CR206-04

JAMES LAMAR LYONS

## ORDER

James Lamar Lyons was charged with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Lyons was convicted by a jury of Count 1 of the redacted Indictment. He was committed to the custody of the Bureau of Prisons for imprisonment to be followed by a term of supervised release. N. Daniel Lovein, an attorney in Brunswick, Georgia, was appointed by the Court to represent Lyons in these proceedings. Trial was originally scheduled for May, 2006, but the trial was continued. Jury selection and trial of this case began on July 10, 2006, and concluded on July 11, 2006. Sentence was imposed upon Lyons on September 26, 2006.

Daniel Lovein has now submitted his claim for services and expenses. He seeks compensation in the total amount of $13,068.77. This includes $1,012.00 as "In Court Compensation", $11,895.60 as "Out of Court Compensation", $2.40 in travel expenses, and $158.77 in other expenses. The Criminal Justice Act provides that the maximum amount of compensation for services in felony cases is the sum of $7,000.00, unless the case involves extended or complex representation. 18 U.S.C. §3006A(d)(2) and (3).

"In determining if an excess payment is warranted, the court should make a threshold determination as to whether the case is either extended or complex. If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case is 'complex'. If more time is reasonably required for total processing than the average case,

AO 72A
(Rev. 8/82)

including pre-trial and post-trial hearings, the case is `extended'." Paragraph 2.22 B(3) of the <u>Appointment of Counsel in Criminal Cases</u>, <u>Volume VII</u>, <u>Guide to Judiciary Policies and Procedures</u>. "Counsel claiming compensation in excess of the statutory case limitation must submit with the voucher a detailed memorandum supporting and justifying counsel's claim that representation was provided in a complex or extended case and that the excess payment is necessary to provide fair compensation." <u>Instructions for CJA Form 20, Item 22-29</u>. A detailed memorandum has been submitted by Mr. Lovein.

Upon review of the Court's file and upon recollection, it appears that this case should be classified as "complex" and "extended". This case involved a jury trial and numerous pretrial motions and hearings.

Accordingly, payment for services rendered by Mr. Lovein should not be limited to the statutory maximum of $7,000.00. Based upon the complexity of this case, and its extended nature, the compensation for services, as modified, appears reasonable. With regard to those expenses requested by Mr. Lovein, they are reasonable, and are hereby authorized.

Payment for "In Court" services is hereby set at $1,012.00, and payment for "Out of Court" services is hereby set at $11,895.60, for a total of $12,907.60, as payment for services rendered. The sum of $2.40 should be paid to Mr. Lovein as reimbursement of "Travel Expenses" and the sum of $158.77 should be paid as reimbursement of "Other Expenses". A total of $13,068.77 is approved.

**SO ORDERED**, this 19 day of Feb., 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)