FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 DEC 26 AM 11:05
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 206-004 |
| | * | CR 207-054 |
| JAMES LAMAR LYONS | * | |

O R D E R

On July 11, 2006, Defendant James Lamar Lyons was convicted by a jury for possession of firearms and ammunition by a convicted felon. He was sentenced to serve 63 months imprisonment followed by three years of supervised release.[1]

Following his release from federal custody, Defendant's term of supervised release was revoked twice – in January 2015 and June 2017. With respect to the June 2017 revocation, the Court determined by a preponderance of the evidence that Defendant had violated the conditions of his supervised release in numerous ways, including that he had committed a Grade A violation of illegally distributing narcotics. Defendant was sentenced to serve 36 months' imprisonment on June 22, 2017. Defendant's appeal of this sentence was recently dismissed on October 26, 2018.

---

[1] Defendant was subsequently sentenced to serve an additional twelve months imprisonment when he was convicted of failing to surrender for service of his sentence, a violation of 18 U.S.C. § 3146(a)(2). See United States v. Lyons, Case No. 2:07-CR-054 (S.D.Ga. Sept. 12, 2007).

Presently, Defendant has filed a motion for "resentencing and immediate release." (Doc. 217.) Defendant points out that the state has dismissed the drug charge that underpinned the Court's finding that he had committed another crime while on supervised release. Thus, he argues that there are no longer "any legal grounds to punish [him] for a Grade A violation." (Id. at 2.)

Defendant's challenge is a collateral attack against the legality of his sentence, which should be brought pursuant to 28 U.S.C. § 2255. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008). Defendant, however, fails to reference or cite § 2255. Cognizant of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Defendant's motion as a § 2255 motion.

Upon the foregoing, Defendant's motion for resentencing and immediate release (doc. 217 in CR 206-004; doc. 121 in CR 207-054) is **DENIED** without prejudice to his ability to file an appropriate motion under 28 U.S.C. § 2255.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of December, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA